**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRYAN CRAIG FLANDERS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:18-cv-06187 |
| TRUEACCORD CORP. and LVNV FUNDING, LLC, | DEMAND FOR JURY TRIAL |
| Defendants. | |

**COMPLAINT FOR RELIEF PURSUANT TO
THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW comes BRYAN CRAIG FLANDERS ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of TRUEACCORD CORP. ("TrueAccord") and LVNV FUNDING, LLC ("LVNV" and together with TrueAccord, "Defendants") as follows:

NATURE OF THE ACTION

1.   Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendants' unlawful conduct.

JURISDICTION AND VENUE

2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Illinois, Defendants conduct business in the Northern District of Illinois, and

1

a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

PARTIES

4.  Plaintiff is a consumer residing in Chicago, Illinois, which is located within the Northern District of Illinois.

5.  TrueAccord is an online debt collector that utilizes "a data driven debt collection platform powered by machine learning, digital first communications, and delivering great user experiences."[1] TrueAccord is a corporation organized under the laws of the state of Delaware with its principal place of business located at 303 Second Street, Suite 750 South, San Francisco, California. TrueAccord utilizes e-mail and other electronic media to collect upon debts owed by consumers throughout the country, including in Illinois.

6.  LVNV is a company that "purchases portfolios of . . . consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers."[2] LVNV is a limited liability company organized under the laws of the state of Delaware with its principal place of business located at 6801 South Cimarron Road, Suite 424-J, Las Vegas, Nevada.

7.  Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSE OF ACTION

8.  The instant action arises out of Defendants' attempts to collect upon outstanding credit card debt in the amount of $631.43 ("subject consumer debt") said to be owed by Plaintiff.

9.  The subject consumer debt was incurred by Plaintiff for family and household purposes.

---

[1] https://www.trueaccord.com/
[2] http://www.lvnvfunding.com/

10. The subject consumer debt was originally owed to Credit One Bank, N.A. ("Credit One") by Plaintiff before economic hardship caused him to default on payments to Credit One.

11. Credit One charged-off the subject consumer debt and sold it to LVNV after Plaintiff's default.

12. LVNV engaged the services of TrueAccord to act on its behalf in seeking payment on the subject consumer debt.

13. On or about September 3, 2018 Plaintiff received an e-mail from TrueAccord attempting to collect payment for the subject debt. TrueAccord sent this email at the direction and benefit of LVNV.

14. Defendants' e-mail contained a portion stating:

> The remaining balance owed to LVNV Funding LLC is $631.43. The balance breakdown is as follows: $631.43 in principal (which may include interest and fees accrued prior to purchase), $0.00 in fees since purchase, $0.00 in interest since purchase, and $0.00 in administrative costs since purchase.
> TrueAccord does not charge fees or interest to the consumer related to our collection efforts.
> LVNV Funding, LLC account number ending in: 1908.

15. Plaintiff has received numerous emails from Defendants, each containing the above quoted language regarding fees, interest, and costs.

16. Confused and misled by the nature of the Defendants' emails, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

17. Plaintiff has expended assets dealing with Defendants' conduct.

### COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
(PLAINTIFF AGAINST DEFENDANTS)

18. Plaintiff repeats and realleges paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

20. TrueAccord is a debt collector, as defined by 15 U.S.C. § 1692a(6), as it is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. TrueAccord identifies itself as a debt collector[3] and has been a member of the Association of Credit and Collection Professionals ("ACA") since 2014.[4]

21. LVNV is a debt collector, as defined by 15 U.S.C. § 1692a(6), because it uses any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because it regularly uses the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

22. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.    Violations of FDCPA § 1692e

23. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

24. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10)

---

[3] https://www.trueaccord.com/
[4] http://www.acainternational.org/search#memberdirectory

25. Defendants violated 15 U.S.C. §§ 1692e, e(2), and e(10) through the inclusion of the portion of its e-mails which provided that the interests, fees, and other costs associated with the subject debt totaled $0.00, coupled with the language "TrueAccord does not charge fees or interest to the consumer related to our collection efforts." Defendants' representation that is "does not" charge fees or interests to the consumer falsely represents its ability to do so in the first place. Since the subject consumer debt was charged off, Defendants were precluded from adding these additional fees. By using the phrase "does not" rather than "cannot", Defendants sought to represent to Plaintiff that they had the lawful ability to add these charges, but that it was making some sort of magnanimous decision not to. In reality, these charges could not legally be added. Defendants engage in this misleading conduct in an attempt to garner favor with Plaintiff and to further suggest that, in the event resolution with Defendants was not possible, Plaintiff may be subjected to these additional fees, costs, and interest. Defendants' conduct was designed to create an artificial sense of urgency in Plaintiff's mind so she would be compelled to make prompt payment.

### b. Violations of 15 U.S.C. §1692f

26. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

27. Defendants violated 15 U.S.C. §1692f through the emails because they unfairly implied that LVNV had the ability to add interest, fees, and other costs. In reality, LVNV did not have the lawful ability to do so as Plaintiff's account was charged off by Credit One. By proactively invoking the references to late fees, interest, and administrative charges, Defendants unfairly represented to Plaintiff that these additional amounts could be added. However, given the status of the subject consumer debt it is unlawful for Defendants to ever assess these additional amounts.

28. The carefully crafted language is the sort of misleading tactic the FDCPA prohibits. The only reason to use such carefully ambiguous language is the expectation that at least some unsophisticated debtors will misunderstand and will choose to pay because they fear the consequences of not doing so.

29. As pled herein, Plaintiff has been harmed and suffered damages as a result of Defendants' illegal actions.

WHEREFORE, Plaintiff BRYAN CRAIG FLANDERS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated:  September 10, 2018                              Respectfully submitted,

s/ Nathan C. Volheim                                    s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103            Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                      Counsel for Plaintiff
Admitted in the Northern District of Illinois    Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                           Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200         2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                              Lombard, Illinois 60148
(630) 568-3056 (phone)                            (630) 581-5858 (phone)
(630) 575-8188 (fax)                                (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                       thatz@sulaimanlaw.com